ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
ERIC S. POWERS, ESQ.
Nevada Bar No. 12850
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
       eric.powers@akerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., A TRUSTEE FOR THE CERTIFICATEHOLDERS OF BANK OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5,<br><br>Plaintiff,<br><br>vs.<br><br>MEI-GSR HOLDINGS, LLC; GRAND SIERRA RESORT UNIT-OWNERS' ASSOCIATION; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-00654<br><br>**COMPLAINT** |

Plaintiff Wells Fargo Bank, N.A., a Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-5 (**Wells Fargo**) complains as follows:

**PARTIES AND JURISDICTION**

1.  The court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Wells Fargo is a national banking association, with its principal office in South Dakota, and is therefore a citizen of South Dakota. Upon information and belief, and from all publicly available information, none of the defendants are citizens of South Dakota. Wells Fargo is informed and believes and thereon alleges

{30467333;2}

1  that at all relevant times herein, defendant Grand Sierra Resort Unit-Owners' Association (**Grand Sierra** or **HOA**) is and was a Nevada nonprofit corporation with its principal place of business in Nevada, and is therefore a citizen of Nevada. Wells Fargo is informed and believes defendant MEI-GSR Holdings, LLC (**MEI-GSR**) is a Nevada limited liability company with its principal place of business in Nevada, and that none of its members are citizens of South Dakota. The amount in controversy requirement is met because Wells Fargo seeks a declaration that its deed of trust, which secures a loan with a principal balance of $227,324.00, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for MEI-GSR's claim to title to the real property *sub judice.*

2.   Wells Fargo is informed and believes and therefore alleges that HOA is the purported beneficiary under an alleged homeowners' association lien dated July 30, 2012. Wells Fargo is informed and believes and therefore alleges that HOA foreclosed on the lien on June 6, 2013.

3.   Wells Fargo is further informed and believes and therefore alleges that MEI-GSR purchased the property at (or subsequent to) the lien foreclosure.

4.   Does I through X, inclusive (the **Doe Defendants**), are individuals who may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Wells Fargo may seek leave to amend this complaint to reflect the true names and identities of the Doe Defendants when known.

5.   Roe Corporations I through X, inclusive (the **Roe Defendants**), are corporate entities that may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Wells Fargo may seek leave of Court to amend this complaint to reflect the true names and identities of the Roe Defendants when known.

6.   Venue is proper in this court under 28 U.S.C. §1391. The property that is the subject of this action is located at 2500 East Second Street #1940, Reno, Nevada 89595 (**the property**).

{30467333;2}

1  Venue is proper in this court under 28 U.S.C. § 1391(1) and (2) because this action seeks to
2  determine an interest in property located within Washoe County, Nevada and because this lawsuit
3  arises out of a foreclosure of real property located within Nevada.

## GENERAL ALLEGATIONS

7. Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

8. When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

9. Nevada Revised Statute Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowner's association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

10. Nevada Revised Statute 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

### The Deed of Trust and Assignment

11. On or about May 1, 2007, Elizabeth L. Andres Mecua (**borrower**) purchased the real property located at 2500 East Second Street #1940, Reno, Nevada 89595 (the **property**) by way of a loan in the amount of $227,324.00, which was secured by a deed of trust (the **senior deed of trust**) recorded against the property on May 4, 2007 as document number 3528842. A true and correct copy of the senior deed of trust is attached as **Exhibit A**.

12. The senior deed of trust was subsequently assigned to Wells Fargo via an assignment

{30467333;2}

of deed of trust recorded on October 22, 2013 as document number 4291831. A true and correct copy of the assignment is attached as **Exhibit B**.

13. The borrower defaulted under the terms of the note and senior deed of trust.

14. The senior deed of trust provides that, if the borrower defaults in paying the indebtedness the deed of trust secures, or fails to perform any agreement in the note or senior deed of trust, Wells Fargo may, upon notice to the borrower, declare the amounts owed under the note immediately due and payable.

15. The unpaid principal balance due on the loan, as of the date of filing, exceeds $225,769.44. The total amount due will continue to increase pursuant to the note and senior deed of trust.

### The HOA Lien and Foreclosure

16. Upon information and belief, the borrower failed to pay the homeowners' association all amounts due to it. Accordingly, on July 30, 2012, HOA recorded a notice of delinquent assessment lien. Per the notice, the amount due to the HOA was $722.31, which includes assessments, dues, interest, fees and collection costs. A true and correct copy of the notice of lien is attached as **Exhibit C**.

17. On October 16, 2012, the HOA recorded a notice of default and election to sell to satisfy the delinquent assessment lien. Per the notice, the amount due to the HOA was $1,731.13, including assessments, dues, interest, fees and collection costs. A true and correct copy of the notice of default is attached as **Exhibit D**. The notice of default does not identify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

18. On May 22, 2013, HOA recorded a notice of trustee's sale. The trustee's sale was scheduled for June 6, 2013. Per the notice, the amount due to the HOA was $3,511.31, which includes assessments, dues, interest, fees and collection costs. A true and correct copy of the notice of sale is attached as **Exhibit E**. The notice of sale does not identify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS

{30467333;2}

116.31162(1)(b)(1).

19. In none of the recorded documents nor in any notice did HOA provide Wells Fargo or original lender, Bank of America, N.A., with notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

20. In none of the recorded documents did HOA identify the amount of the alleged lien that was for late fees, interest, fines/violations, or collection fees/costs.

21. In none of the recorded documents nor in any notice did HOA specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

22. In none of the recorded documents nor in any notice did HOA specify that Wells Fargo's interest in the property would be extinguished by the HOA foreclosure.

23. In none of the recorded documents nor in any notice did HOA identify any way by which Wells Fargo could satisfy the super-priority portion of HOA's claimed lien.

24. Despite the HOA's failure to provide adequate notice, the HOA foreclosed on the property on or about June 6, 2013. A foreclosure deed was recorded on June 14, 2013. A true and correct copy of the foreclosure deed is attached hereto as **Exhibit F**.

25. MEI-GSR purchased the property at the HOA foreclosure sale for $4,300.00. HOA's sale of the property for less than 2% of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

### MEI-GSR's Control of the Homeowners' Association

26. Wells Fargo is informed and believes the subject property is located within the Grand Sierra Resort Condominium Units (**GSR Condo Units**) governed by the defendant HOA.

27. Wells Fargo is informed and believes MEI-GSR owns multiple GSR Condo Units as well as the adjacent Grand Sierra Resort and Casino.

28. Under the Declaration of Covenants, Conditions, Restrictions and Reservations of Easements for Hotel-Condominiums at Grand Sierra Resort (**CC&Rs**), there is one voting member for each unit of ownership (meaning, an owner with multiple units has multiple votes).

{30467333;2}

29.     Because MEI-GSR owns more units than any other individual person in the GSR Condo Units and therefore carries more votes and effectively controls the HOA with the ability to elect its own chosen representatives to the Board of Directors (the governing body of the GSR Condo Units).

30.     Based on information and belief, Wells Fargo alleges MEI-GSR has used and continues to use its control over the HOA to advance its own economic objectives in violation of Nevada law.

31.     Wells Fargo is informed and believes MEI-GSR has used its influence over the HOA to increase the various fees charges in connection with the use of the GSR Condo Units in order to devalue the units owned by the individual unit owners.

32.     Unit owners who do not abide by the demands of MEI-GSR, through its control of the Units Owners' Association, risk being considered in default, which in turn results in a lien and HOA foreclosure sale pursuant to Section 6.10(f) of the CC&Rs.

33.     Based on information and belief, Wells Fargo alleges MEI-GSR has attempted to purchase, and has purchased, units devalued by its own actions at nominal, distressed prices.

34.     Wells Fargo is informed and believes the subject property in the instant action is one such example of MEI-GSR's distressed purchases, and further illustrates that the sale at issue was commercially unreasonable under Nevada law.

## FIRST CAUSE OF ACTION
### (Declaratory Relief / Quiet Title)

35.     Wells Fargo repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

36.     Pursuant to 28 U.S.C. § 2201, this court is empowered to declare the rights of parties and other legal relations of parties regarding the property at issue.

37.     As result of the HOA foreclosure sale, there is an actual controversy regarding the validity of the senior deed of trust, which was recorded more than two years prior to HOA's lien.

38.     Upon information and belief, MEI-GSR, together with the other defendants, claims or

{30467333;2}

may claim an interest in the property adverse to Wells Fargo, and may claim that the HOA foreclosure sale extinguished the senior deed of trust, and a judicial determination is necessary to ascertain the rights, obligations, and duties of the various parties.

39. The HOA sale did not extinguish the senior deed of trust for multiple independent reasons.

40. The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made, or the consequences for failure to pay the super-priority component;

41. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper perspective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for the HOA and its agent without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place.

42. The foreclosure sale did not extinguish the senior deed of trust because federal law prevents it notwithstanding Chapter 116 and the Nevada Supreme Court's interpretation of Nevada law in *SFR Investments Pool 1, llc v. U.S. Bank, N.A.,* 130 Nev. Adv. Op. 75 (September 18, 2014).

43. Accordingly, Wells Fargo is entitled to a declaration that the HOA sale did not extinguish the senior deed of trust.

44. Wells Fargo was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

…

{30467333;2}

## SECOND CAUSE OF ACTION

**(Unjust Enrichment Against MEI-GSR)**

45. Wells Fargo repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

46. The HOA foreclosure sale unjustly enriched MEI-GSR, in that it obtained real property secured by a senior deed of trust in the amount of $227,324.00 for the inequitable purchase price of $4,300.00.

47. Upon information and belief, MEI-GSR continues to retain and derive income from the property to the detriment of Wells Fargo, contrary to fundamental principles of fairness, justice, and fair dealing.

48. Wells Fargo is entitled to the reasonable amount of benefits obtained by MEI-GSR based on a theory of unjust enrichment, which amount is in excess of $10,000.00.

49. Wells Fargo was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**(Injunctive Relief Against MEI-GSR)**

50. Wells Fargo repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

51. Wells Fargo disputes MEI-GSR's claim that it owns the property free and clear of the senior deed of trust.

52. Any sale or transfer of the property by MEI-GSR, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

53. Wells Fargo has a substantial likelihood of success on the merits of the complaint, for which compensatory damages would not compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

{30467333;2}

54. Wells Fargo has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

55. Wells Fargo is entitled to a preliminary injunction prohibiting MEI-GSR, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

56. Wells Fargo is entitled to a preliminary injunction requiring MEI-GSR to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

## PRAYER FOR RELIEF

Wells Fargo requests the Court grant the following relief:

1. A declaration that HOA's foreclosure sale was invalid to the extent it purports to convey the property free and clear of the senior deed of trust;

2. A declaration establishing the senior deed of trust as the senior lien encumbering the property, superior to any right, title, interest, lien, equity, or estate of any defendant, and that it was not extinguished by the HOA sale;

3. A declaration that the senior deed of trust is superior to the interest of MEI-GSR and any other defendants;

4. A declaration establishing the parties' respective rights and obligations pursuant to the HOA's super-priority lien amount, if any.

5. A preliminary injunction prohibiting MEI-GSR, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

6. A preliminary injunction requiring MEI-GSR to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

7. Reasonable attorneys' fees as special damages and the costs of suit; and

…

…

…

{30467333;2}

8. For such other and further relief the Court deems proper.

DATED April 9, 2015.

**AKERMAN LLP**

/s/ *Eric S. Powers*
ARIEL E. STERN, ESQ.
Nevada State Bar No. 8276
ERIC S. POWERS, ESQ.
Nevada State Bar No. 12850
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Plaintiff*

{30467333;2}