UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MEI-GSR HOLDINGS, LLC, and GRAND ) <br> SIERRA RESORT UNIT-OWNERS' ) <br> ASSOCIATION, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-00654-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 21) filed by Defendant MEI-GSR Holdings, LLC ("MEI-GSR"), which has been fully briefed. However, because the Court finds that an unsettled question of state law is at least partially dispositive in this case, the Court certifies the following question to the Nevada Supreme Court:

> Does the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures which occurred prior to the date of that decision?

**I.   BACKGROUND**

This case arises out of a homeowners' association foreclosure sale. On May 1, 2007, Elizabeth L. Andres Mecua purchased real property located at 2500 East Second Street #1940, Reno, Nevada 89595 (the "Property"), giving lender Bank of America, N.A. ("BANA") a promissory note for $227,324.00 (the "Note"), secured by a deed of trust (the "DOT") against the Property. (Am. Compl. ¶ 11, ECF No. 20; Ex. A to Am. Compl., ECF No. 20-1). On October 22, 2013, BANA assigned the DOT to Plaintiff Wells Fargo Bank, N.A. ("Wells

Fargo") via a corporate assignment of deed of trust. (Am. Compl ¶ 12; Ex. B to Am. Compl., ECF No. 20-2).

After recording a Notice of Delinquent Assessment Lien, a Notice of Default and Election to Sell, and a Notice of Foreclosure Sale, Defendant Grand Sierra Resort Unit-Owners' Association (the "HOA"), through its agent Alessi & Koenig, LLC, sold the Property at the foreclosure sale to Defendant MEI-GSR for $4,300.00 on June 6, 2013. (Am. Compl. ¶¶ 16–18, 24–25; Ex. C to Am. Compl., ECF No. 20-3). Wells Fargo alleges that the pre-sale notices failed to identify the super-priority amount and also failed to describe the "deficiency in payment" required by Chapter 116 of the Nevada Revised Statutes. (*Id.* ¶¶ 19–23).

Wells Fargo sued MEI-GSR and the HOA in this Court to, *inter alia*, quiet title to the Property, i.e., for a declaration that the DOT still encumbers the Property because the HOA sale was not in accordance with Chapter 116, did not provide an opportunity to cure the default, was commercially unreasonable, and did not comport with due process. (*Id.* ¶¶ 35–52).

## II. LEGAL STANDARD

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion." Nev. R. App. P. 5(a)–(b). Under Rule 5, the Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and . . . it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a).

Rule 5 also provides that a certification order must specifically address each of six requirements:

(1) The questions of law to be answered;
(2) A statement of all facts relevant to the questions certified;
(3) The nature of the controversy in which the questions arose;
(4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;

(5) The names and addresses of counsel for the appellant and respondent; and
(6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

### III.   DISCUSSION

In this case, the Court is sitting in diversity jurisdiction; thus Nevada substantive law controls.  Because the relevant facts are set forth above, the Court addresses the remaining five requirements below.

First, whether the rule announced in *SFR Invs. Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision is a question of state law.

Second, the retroactivity of *SFR* is at least partially dispositive to the present case.  If that rule is not retroactive, because the HOA sale in this case occurred prior to the issuance of the *SFR* decision, Wells Fargo would be entitled to a declaration that the DOT still encumbers the Property.

Third, there is no controlling precedent as to the retroactivity of *SFR*.  One court in this district has discussed this issue, finding that *SFR* did not apply retroactively pursuant to the test outlined in *Breithaupt v. USAA Prop. & Cas. Ins. Co.*, 867 P.2d 402 (Nev. 1994). *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2015 WL 6962860, at *5 (D. Nev. Nov. 9, 2015). However, shortly after this ruling, the court decided to certify to the Nevada Supreme Court the same retroactivity question at issue in the instant order. *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2016 WL 923091 (D. Nev. Mar. 9, 2016).

Accordingly, under Rule 5, answering this certified question is within the power of the Nevada Supreme Court, and the Court finds that a determination of this question would promote judicial efficiency.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 21) filed by Defendant MEI-GSR is **DENIED without prejudice** with permission to renew within thirty (30) days of the resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that the following question of law is **CERTIFIED to the Nevada Supreme Court** pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Plaintiff Wells Fargo is designated as the Appellant, and Defendants MEI-GSR and Grand Sierra Resort Unit-Owners' Association are designated as the Respondents. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Counsel for Plaintiff Wells Fargo**

Ariel E. Stern, Eric Sebastian Powers, and Darren T Brenner
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144

**Counsel for Defendant MEI-GSR**

H. Stan Johnson
Cohen-Johnson, LLC
225 E. Warm Springs Road, Suite 100
Las Vegas, NV 89119

**Counsel for Defendant Grand Sierra Resort Unit-Owners' Association**

H. Stan Johnson
Cohen-Johnson, LLC
225 E. Warm Springs Road, Suite 100
Las Vegas, NV 89119

>Vanessa Goulet and Steven T. Loizzi, Jr.
>Alessi & Koenig, LLC
>9500 W. Flamingo Road, Suite 205
>Las Vegas, NV 89147

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**DATED** this ___7___ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge