UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MEI-GSR HOLDINGS, LLC, and GRAND ) <br> SIERRA RESORT UNIT-OWNERS' ) <br> ASSOCIATION, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-00654-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Rescind, (ECF No. 30), filed by Defendants MEI-GSR Holdings, LLC ("MEI-GSR"), and Grand Sierra Resort Unit-Owners' Association (the "HOA") (collectively "Defendants"). Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), filed a Response, (ECF No. 38), and Defendants filed a Reply, (ECF No. 39). For the reasons discussed below, the Court GRANTS in part and DENIES in part Defendants' Motion.[1]

**I.   BACKGROUND**

This case arises out of a homeowners' association foreclosure sale. On May 1, 2007, Elizabeth L. Andres Mecua purchased real property located at 2500 East Second Street #1940, Reno, Nevada 89595 (the "Property"), giving lender Bank of America, N.A. ("BANA") a promissory note for $227,324.00 (the "Note"), secured by a deed of trust (the "DOT") against the Property. (Am. Compl. ¶ 11, ECF No. 20; Ex. A to Am. Compl., ECF No. 20-1). On October 22, 2013, BANA assigned the DOT to Wells Fargo via a corporate assignment of deed of trust. (Am. Compl ¶ 12; Ex. B to Am. Compl., ECF No. 20-2).

---

[1] Also pending before the Court is Defendants' Motion to Withdraw, (ECF No. 28). Because the Motion to Withdraw is duplicative of the instant Motion to Rescind, the Court DENIES the Motion to Withdraw.

After recording a Notice of Delinquent Assessment Lien, a Notice of Default and Election to Sell, and a Notice of Foreclosure Sale, the HOA, through its agent Alessi & Koenig, LLC, sold the Property at the foreclosure sale to MEI-GSR for $4,300.00 on June 6, 2013. (Am. Compl. ¶¶ 16–18, 24–25; Ex. C to Am. Compl., ECF No. 20-3).  Wells Fargo alleges that the pre-sale notices failed to identify the super-priority amount and also failed to describe the "deficiency in payment" required by Chapter 116 of the Nevada Revised Statutes. (*Id.* ¶¶ 19–23).

Wells Fargo sued MEI-GSR and the HOA in this Court to, *inter alia*, quiet title to the Property, i.e., for a declaration that the DOT still encumbers the Property because the HOA sale was not in accordance with Chapter 116, did not provide an opportunity to cure the default, was commercially unreasonable, and did not comport with due process. (*Id.* ¶¶ 35–52).

On July 11, 2016, the Court determined that "an unsettled question of state law is at least partially dispositive in this case" and sua sponte certified the following question to the Nevada Supreme Court:

> Does the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures which occurred prior to the date of that decision?

(Order 1:11–17, ECF No. 27).  The Court simultaneously denied all pending motions. (*See id.* 4:2–4).  In the instant Motion, Defendants ask the Court to rescind its Order and reinstate Defendants' Motion to Dismiss, (ECF No. 12). (Mot. to Rescind 4:17–20, ECF No. 30).  The Court construes Defendants' request as a Motion to Reconsider.

## II.     LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered

evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted).  Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### III.     DISCUSSION

Defendants argue that the question of whether to apply a state law retroactively is a matter of federal law, not state law, for federal courts and therefore inappropriate for certification to the Nevada Supreme Court. (Mot. to Rescind 2:5–16).  On this point, the Ninth Circuit has clarified:

> When we consider a matter of state law, . . . "[w]e are required . . . to apply the law as presently defined by the highest court of [the State], despite the fact that the law was altered after the judgment below was entered."

*Albano v. Shea Homes Ltd. P'ship*, 662 F.3d 1120, 1123 (9th Cir. 2011) (quoting *Nelson v. Brunswick Corp.*, 503 F.2d 376, 381 (9th Cir. 1974)); *see also Vandenbark v. Owens–Illinois Glass Co.*, 311 U.S. 538 (1941).  Accordingly, Ninth Circuit precedent requires the Court to withdraw its Order certifying the question of *SFR*'s retroactivity to the Nevada Supreme Court.

However, the Court finds that a continued stay in light of *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), is appropriate and therefore declines Defendants' request to reinstate its Motion to Dismiss, (ECF No. 12).  On August 12, 2016, two members of a Ninth Circuit panel held in *Bourne Valley* that Chapter 116's nonjudicial

foreclosure scheme "facially violated mortgage lenders' constitutional due process rights" before it was amended in 2015. *Bourne Valley Court Trust*, 832 F.3d at 1160.  As a result, *Bourne Valley* is likely dispositive of this and the hundreds of other foreclosure cases pending in both state and federal court.  To save the parties from the need to invest resources briefing the effect of the *Bourne Valley* opinion before the finality of that opinion has been determined, the Court **STAYS** all proceedings in this case pending exhaustion of all appeals of *Bourne Valley*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.  A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

At the center of this case are the HOA-foreclosure sale conducted pursuant to Nevada Revised Statutes § 116.3116 and the competing arguments that the foreclosure sale either

extinguished the bank's security interest under the *SFR* holding or had no legal effect because the statutory scheme violates due process. Because the Ninth Circuit in *Bourne Valley* held that the scheme was facially unconstitutional, *see Bourne Valley Court Trust*, 832 F.3d at 1160, the *Bourne Valley* opinion and any modification of that opinion have the potential to be dispositive of this case. Under this circumstance, the *Landis* factors weigh strongly in favor of staying this action pending final resolution of the *Bourne Valley* decision. Indeed, the possible prejudice to the parties is minimal as the only potential harm is that the parties may wait longer for resolution of this case if it is stayed. However, if this case is not stayed, a delay would also result from any motions for reconsideration that may be necessitated if the current decision in the *Bourne Valley* case does not stand. Accordingly, a stay is not likely to appreciably lengthen the life of this case. Further, in the absence of a stay, judicial resources may be unnecessarily expended to resolve issues which may ultimately be decided by higher courts to which this Court is bound to adhere. Because the *Bourne Valley* decision is squarely on point, the orderly course of justice likewise weighs in favor of a stay. Accordingly, the Court finds that staying this action pending final resolution of *Bourne Valley* would be efficient for the Court's own docket and the fairest course for the parties. *See Leyva*, 593 F.2d at 863.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Motion to Rescind, (ECF No. 30), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Court **VACATES** its Order, (ECF No. 27), and **WITHDRAWS** certification of its question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada.

**IT IS FURTHER ORDERED** that Defendants' Motion to Withdraw, (ECF No. 28), is **DENIED**.

**IT IS FURTHER ORDERED** that this case is administratively **STAYED** pending exhaustion of all appeals of *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016).  Once exhaustion occurs, any party may move to lift the stay.  Until that time, all proceedings in this action are stayed.

**IT IS FURTHER ORDERED** that Defendant MEI-GSR Holdings, LLC, shall care for, preserve, and maintain the Property located at 2500 East Second Street #1940, Reno, Nevada 89595.

**IT IS FURTHER ORDERED** that, beginning on May 1, 2017, the parties must file a joint status report updating the Court on the status of this case every one-hundred and eighty days.  Along with the joint status report, Defendant MEI-GSR Holdings, LLC, shall submit a statement affirming that all expenses necessary to maintain the Property, including but not limited to, timely and full payment of all homeowners' association assessments, property taxes, and property insurance premiums due and owing or past due at any time during the effective period of this Stay, are current and up to date.

**IT IS FURTHER ORDERED** that this Order does not prevent the parties from continuing to engage in settlement conference negotiations with the assistance of the Magistrate Judge.

**DATED** this __3__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge